IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-11-244-D |
| ) | (Case No. CIV-18-666-D) |
| HECTOR SALAZAR-SALAZAR, ) | |
| ) | |
| Defendant. ) | |

## **ORDER OF RECUSAL**

Before the Court is Defendant's Motion to Recuse [Doc. No. 46], filed contemporaneously with his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. No. 44]. Defendant seeks the recusal of the undersigned judge pursuant to 28 U.S.C. § 455.[1] Liberally construing the Motion due to Defendant's *pro se* status, it appears from Defendant's affidavit that he believes this Court harbors a personal view of his character that would prevent a fair evaluation of his § 2255 motion. *See* Aff. [Doc. No. 46]. This belief is unfounded, and any statements attributed to the undersigned in the affidavit are misquoted or mistaken. In actuality, the Court merely ruled against Defendant with respect to the issues presented at his sentencing hearing. According to the Supreme Court, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). There is no reason to depart from the general rule in this case.

---

[1] The Motion also invokes 28 U.S.C. § 144 and includes a sworn affidavit of personal bias executed by Defendant. The Court finds the affidavit to be legally insufficient to trigger the reassignment procedure of § 144. *See Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Although Defendant's Motion to Recuse lacks merit, the Court raises *sua sponte* the existence of other facts from which the undersigned judge's impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). Defendant argues in support of his § 2255 motion that his appointed counsel, Assistant Federal Public Defender Brooke Tebow, provided ineffective assistance at sentencing. *See* Def.'s Mem. Supp. [Doc. No. 45] at 17. Because Ms. Tebow now works for the undersigned judge as a member of his staff, one might reasonably question whether the Court could provide a fair assessment of her performance on Defendant's behalf.

IT IS THEREFORE ORDERED that Defendant's Motion to Recuse [Doc. No. 46] is DENIED for the reasons asserted, but GRANTED based on other circumstances raised *sua sponte*.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 455, I recuse from the above referenced case and Case No. CIV-18-666-D (the civil case for Defendant's § 2255 proceeding), and direct the Clerk of Court to place this case in the random draw for reassignment to another judge of this Court.

IT IS SO ORDERED this 12th day of July, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE